# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **DEAN ANDERSEN**,<br><br>Plaintiff,<br><br>v.<br><br>**RIVERWALK HOLDINGS, LTD** aka **DE VILLE ASSET MANAGEMENT, LTD**, and **JOHN DOES 1-25**<br><br>Defendants. | Civil Case No.:<br><br><u>CIVIL ACTION</u><br><br>COMPLAINT<br>and<br>JURY TRIAL DEMAND |

Plaintiff DEAN ANDERSEN (hereinafter, "Plaintiff"), a Wisconsin resident, brings this complaint by and through his attorneys, The Glapion Law Firm, against Defendant Riverwalk Holdings Ltd, also known as De Ville Asset Management, Ltd. (hereinafter, "Defendant") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. During a June 10, 2014 phone call between Plaintiff and Defendant, Defendant represented to Plaintiff that it was actively collecting a debt incurred by Plaintiff in 2007.

2. However, this debt was time-barred under Wisconsin's six-year statute of limitations for contract actions, as the last payment on the account was made in October 2007.

3. Under Wisconsin law, the expiration of the statute of limitations with respect to a debt not only extinguishes the remedy, but also the debt itself, "as if it had been paid or otherwise

fully satisfied." *First Nat'l Bank of Madison v. Kolbeck*, 247 Wis. 462, 464 (1945); *see also Klewer v. Cavalry Invs.*, LLC, 2002 U.S. Dist. LEXIS 1778 (W.D. Wis. Jan. 30, 2002).

4. Accordingly, Defendant's representations as to the validity of the debt and their right to collect on the debt were false in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(2)(A), 1692e(8), and 1692e(10), as well as the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427.104(1)(c), (f), and (j).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq.* The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Dean Andersen is a natural person and resident of Wisconsin, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant Riverwalk Holdings, Ltd., a Texas corporation, is a debt collector as defined by 15 U.S.C. § 1692a(6) and Wisc. Stat. § 427.103(3), with its principal place of business at 1132 Glade Road, Colleyville, TX 76032.

9. John Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

//

//

## FACTS

10. On or about June 10, 2014, Plaintiff noticed a debt on his credit report, which had been reported by Defendant.

11. On or about June 10, 2014, Plaintiff called Defendant to inquire about the debt on his credit report. Defendant's employee or agent, identifying herself only as "Mrs. Smith," explained that "there was [a MasterCard] opened through Providian…back in 2007, and Providian charged that account off in 2008 for non-payment. They said the last payment date was in October of 2007."

12. This last payment date of October 2007 means that Wisconsin's six-year statute of limitations had expired prior to the June 10, 2014 phone call.

13. Under Wisconsin law, the expiration of the statute of limitations with respect to a debt not only extinguishes the remedy, but also the debt itself, "as if it had been paid or otherwise fully satisfied." *First Nat'l Bank of Madison v. Kolbeck*, 247 Wis. 462, 464 (1945); *see also, e.g.*, *Klewer v. Cavalry Invs.*, LLC, 2002 U.S. Dist. LEXIS 1778 (W.D. Wis. Jan. 30, 2002); Wis. Stat. § 893.05 ("When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy.").

14. Accordingly, the debt allegedly owed was time-barred and extinguished at the time of the June 10, 2014 phone call.

//

//

//

//

15. Continuing the conversation, Plaintiff asked Mrs. Smith to remove this item from his credit report. The following exchange took place immediately after:

    > **Mrs. Smith/Defendant**: Why?
    > **Plaintiff**: Why? Are you still attempting to collect it?
    > **Mrs. Smith/Defendant**: Yes sir. We can still collect on this account, yes sir.
    > **Plaintiff**: So you want me to pay this?
    > **Mrs. Smith/Defendant**: Yeah.

16. Following this exchange, Plaintiff reiterated that his last date of payment was in October 2007, so the statute of limitations had expired, to which Mrs. Smith responded:

    > I know the rule about…the 7 and 10, but as long as the account is actively still open and it's been transferred from one company to another, it can be reported on your credit bureau and it can be collected upon. Check that with your attorney if you wish.

17. Plaintiff then explained that the state of Wisconsin has a six-year statute of limitations, after which a debt cannot be collected upon. In response, Mrs. Smith stated:

    > I know about the credit bureau rules…but as long as that account has been turned over to another agency, and that agency is reporting collection activities on it, then they can put it on there as a collection item.

18. After a final back and forth over the state of the law, Plaintiff asks Mrs. Smith one more time if she will remove the account from his credit report, to which she replies that she would not.

19. In a November 2014 follow up call with Defendant, Defendant represented to Plaintiff that it had sold the debt.

20. At all relevant times herein, Defendant knew or should have known that the debt was extinguished, not only as a result of the conversation with Plaintiff, but because the law in Wisconsin on this point is clear and has been for at least 70 years.

21. As set forth below, Defendant's attempt to collect the extinguished debt, its

representations as to the validity of the extinguished debt, its continued reporting of the extinguished debt, and its sale of the extinguished debt separately and independently violated both the FDCPA and the WCA.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e, *et seq.*

22. Plaintiff repeats and reiterates the allegations set forth in the preceding paragraphs as if recounted in full herein.

23. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt[.]"

24. Defendant violated § 1692e(2)(A) by representing to Plaintiff that the time-barred/extinguished debt was collectible and that it expected Plaintiff to pay this debt.

25. 15 U.S.C. § 1692e(8) prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

26. Defendant violated 15 U.S.C. § 1692e(8) by continuing to report this time-barred/extinguished debt to credit reporting agencies, which are "persons" under the statute.

27. Defendant also violated 15 U.S.C. § 1692e(8) by selling the time-barred/extinguished debt without informing the purchaser that the debt was time-barred/extinguished and disputed.

28. 15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

29. Defendant violated 15 U.S.C. § 1692e(10) by representing that the time-

barred/extinguished debt was collectible, that it expected payment from Plaintiff, and by continuing to report the extinguished debt to credit reporting agencies.

## COUNT II
### VIOLATIONS OF THE WISCONSIN CONSUMER ACT
### WIS. STAT. § 427.104, *et seq.*

30. Plaintiff repeats and reiterates the allegations set forth in the preceding paragraphs as if recounted in full herein.

31. Wis. Stat. § 427.104(1)(c) prohibits a debt collector from "[d]isclos[ing] or threaten[ing] to disclose information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false[.]"

32. Defendant violated Wis. Stat. § 427.104(1)(c) by continuing to disclose, and threatening to continue to disclose, the time-barred/extinguished debt to credit report agencies.

33. Wis. Stat. § 427.104(1)(f) prohibits a debt collector from "[d]isclos[ing] or threaten[ing] to disclose information concerning the existence of a debt known to be reasonably disputed by the customer without disclosing the fact that the customer disputes the debt[.]"

34. Defendant violated Wis. Stat. § 427.104(1)(f) by reporting to credit reporting agencies the time-barred/extinguished debt without noting that this debt was time-barred/extinguished and disputed by Plaintiff.

35. Defendant violated Wis. Stat. § 427.104(1)(f) by selling to a third-party the time-barred/extinguished debt without noting that this debt was time-barred/extinguished and disputed by Plaintiff.

36. Wis. Stat. §. 427.104(1)(j) prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does

not exist[.]"

37. Defendant violated Wis. Stat. § 427.104(1)(j) by claiming it could collect the time-barred/extinguished debt and expected payment on the time-barred/extinguished debt.

38. Defendant also violated Wis. Stat. § 421.104(1)(j) by continuing to report information to credit report agencies in an effort to induce payment of the time-barred/extinguished debt.

## PRAYER FOR RELIEF

Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

(b) Awarding Plaintiff statutory damages of $1,000 for each violation of Wis. Stat. § 421.104, *et seq.*, pursuant to Wis. Stat. § 425.304;

(c) Awarding Plaintiff actual damages;

(d) Awarding Plaintiff costs of this action, including reasonable attorney's fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest;

(f) Awarding Plaintiff such other and further relief this Court deems just and proper.

Dated: May 21, 2015       s/Jeremy M. Glapion_____
                Jeremy M. Glapion, Esq. (NY Reg: 5108725)
                *Attorney for Plaintiff*
                **THE GLAPION LAW FIRM**
                39 Schindler Court
                Neptune, NJ 07753
                P: 732.236.0024
                E: jmg@glapionlaw.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: May 21, 2015
                                                s/Jeremy M. Glapion_____
                                                Jeremy M. Glapion, Esq.
                                                **THE GLAPION LAW FIRM**

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

                                                s/Jeremy M. Glapion_____
                                                Jeremy M. Glapion, Esq.
                                                **THE GLAPION LAW FIRM**