IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN ANDERSEN,  Case No. 15-cv-621-pp

        Plaintiff,

v.

RIVERWALK HOLDINGS LTD a/k/a
DE VILLE ASSET MANAGEMENT LTD, and
JOHN DOES 1-25

        Defendants.

**DECISION AND ORDER DISMISSING DEFENDANTS JOHN DOES 1-25, GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 6), AND ORDERING PLAINTIFF TO SUBMIT PROOF OF DAMAGES AND COSTS BY A DATE CERTAIN**

## I. INTRODUCTION

On May 21, 2015, Plaintiff Dean Andersen filed the complaint alleging two counts: (1) violations of the Fair Debt Collection Practices Act and (2) violations of the Wisconsin Consumer Act. Dkt. No. 1. The defendants, Riverwalk Holdings Ltd. a/k/a DeVille Asset Management Ltd. and John Does 1-25, failed to respond to the action. On June 15, 2015, the plaintiff requested that the clerk's office enter default, Dkt. No. 5; it did so on June 16, 2015. This order addresses Andersen's unopposed motion for default judgment.

## II. FACTS

In June of 2014, the plaintiff discovered "a debt on his credit report" that Riverwalk had reported to the credit bureaus. Dkt. No. 1 at ¶10. On June 10, 2014, the plaintiff contacted Riverwalk by phone to discuss the debt. Id. at

1

¶11. The defendant's agent informed the plaintiff that he had opened a credit card account in 2007, and that a third-party had "charged that account off in 2008 for non-payment." Id. The agent informed the plaintiff that "the last payment date was in October of 2007." Id.

The plaintiff understood that Wisconsin had a six-year statute of limitations on this type of debt, which he believed would have extinguished the October 2007 debt in October of 2013. Id. at ¶¶12-14. The plaintiff asked the agent about that time limit, but she insisted that Riverwalk still could collect on the debt and report it to the credit bureau because the debt had "transferred from one company to another." Id. at ¶¶15-17. When the plaintiff asked the agent to remove the debt from his credit report, the agent refused to do so. Id. at ¶18. During a follow-up phone call in November of 2014, Riverwalk "represented that it had sold" the plaintiff's debt. Dkt. No. 6-1 at 2.

Prior to filing the complaint, the plaintiff's attorney "sent" the defendant "a pre-litigation letter" that asked to discuss settlement. Id. at 3. The plaintiff asked the defendant to respond within two weeks of receiving the letter "and even followed up via phone." Id. The defendant never responded to these efforts, and the plaintiff proceeded with litigation. Id.

## III.  PROCEDURAL HISTORY

The plaintiff filed this action for breach of the FDCPA and the Wisconsin Consumer Act on May 21, 2015. Dkt. No. 1. Because the events leading to the complaint occurred in June of 2014 and the plaintiff filed the complaint in May of 2015, the plaintiff has timely filed the complaint within the FDCPA's one-

2

year statute of limitation. 15 U.S.C. §1692k(d). The WCA also requires the plaintiff to commence an action "within one year after the date of the last violation." Wis. Stat. §425.307. Therefore, the plaintiff also has timely brought the WCA claims. The plaintiff brings the action against Riverwalk Holdings LTD and John Does 1-25. According to the plaintiff, "John Does 1-25 are fictitious names of individuals substituting names of [d]efendants where identities will be disclosed in discovery and should be made parties to this action." Dkt. No. 1 at ¶9.

The clerk's office issued the summons on May 22, 2015, and the plaintiff returned the executed summons on May 26, 2015. Dkt. No. 3. The document shows that, on May 22, 2015, the plaintiff served Riverwalk through the CT Corporation System (listed on the Wisconsin Department of Financial Institutions' web site as Riverwalk's registered agent). Id. at 2. At that time, and for obvious reasons, the plaintiff did not attempt service on any John Does. The answer came due on June 12, 2015. Id. On June 15, 2015, when the defendants had not filed an answer, the plaintiff filed a motion for entry of default, Dkt. No. 5, and, on June 16, 2015, the clerk's office entered default. Finally, on June 24, 2015, the plaintiff filed a motion for default judgment. Dkt. No. 6. The plaintiff served the motion on Riverwalk via CT Corporation System and at three additional "associated addresses." Dkt. No. 6-5. The plaintiff did not serve the motion on any of the John Doe defendants.

As of the date of this order, the defendant has not made an appearance or otherwise participated in this litigation. Because the defendant has failed to

3

respond to the complaint and the clerk's office has entered default against it, this court will "accept all well-pleaded facts relating to liability as true." J&J Sports Prod. Inc. v. ARH Enter. LLC, No. 13-CV-1383, 2014 WL 4656118, at *1 (E.D. Wis. Sept. 16, 2014) (citing Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1999) and Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995)).

The court notes that, as of the date of this order, the plaintiff has not discovered the identity of any of the John Doe defendants, has not served any motions or pleadings on those defendants, has not brought the motion for default judgment against those defendants, and has not had the opportunity to conduct discovery regarding any additional defendants. Therefore, the court will dismiss John Does 1-25. The court will do so without prejudice, so that the defendant can bring suit against those unidentified individuals if he ever discovers their identities.

## IV. DEFAULT JUDGMENT STANDARD

Fed. R. Civ. P. 55(b)(2) governs the entry of a default judgment by the court. It requires the party to seek the judgment from the court and allows the court to conduct a hearing "when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2)(A)-(D). A federal district court "exercises discretion in determining whether to enter a default judgment." Vincent v. Madison, No. 11-C-205, 2014 WL 1672041, at *2 (E.D. Wis. Apr. 28, 2014) (citing O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)). The entry of

4

default judgment "establishes as a matter of law, that the defendant is liable to the plaintiff on each cause of action alleged in the complaint." Id. (citation omitted). This does not mean that "the allegations in the complaint with respect to the amount of the damages are . . . deemed true." Id. (quoting In re Catt, 368 F.3d 789, 793 (7th Cir. 2004)).

Once the Clerk of Court enters "default against the defendant, the Court must accept all well-pleaded facts relating to liability as true." J&J Sports Prod. Inc. v. ARH Enter. LLC, No. 13-CV-1383, 2014 WL 4656118, at *1 (E.D. Wis. Sept. 16, 2014) (citing Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1999) and Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995)). The plaintiff, however, still has "the responsibility to prove up damages under Rule 55(b)(2)." Id.

"Indeed, even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true, and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." Id. (internal quotation marks and citations omitted). The court cannot enter default judgment "without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or details in the affidavits.'" Id. (quoting e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007)). "In other words, while a default judgment establishes liability, it 'does not answer whether any particular remedy is appropriate.'" Campbell v. ECW, Inc., No. 13-C-1066,

5

2014 WL 3895534, at *1 (E.D. Wis. Aug. 7, 2014) (quoting The Spamhaus Project, 500 F.3d at 602).

## V. ANALYSIS

A. <u>The court finds that the plaintiff's complaint sets forth the basis for a *prima facie* case of misrepresentation of the debt's status under 15 U.S.C. §1692e(2)(A).</u>

The FDCPA serves "to eliminate abusive debt collection by debt collectors," 15 U.S.C. §1629(e), and "is intended for the protection of unsophisticated consumers." <u>Evory v. RJM Acquisitions Funding LLC</u>, 505 F.3d 769, 774 (7th Cir. 2007). The Act defines "debt collector" as "any person who uses any instrumentality or interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692(a)(6). The defendant, Riverwalk Holdings, Ltd. a/k/a DeVille Asset Management, Ltd., is a debt collector. Dkt. No. 1 at ¶8. <u>See also</u> <u>About Us</u>, Riverwalk Holdings, Ltd. (July 16, 2015, 1:41 P.M.), http://www.rwhsales.com/about-us; and <u>About Us</u>, DeVille Asset Management, Ltd. (July 16, 2015, 1:43 P.M.), http://www.devilleltd.com/about-us/.

Title 15 U.S.C. §1692e prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt." The debt collector may not make a "false representation of—the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A). Under Wisconsin law, "[a]n action upon any contract, obligation or liability, express or

6

implied, including an action to recover fees for professional services . . . shall be commenced within 6 years after the cause of action accrues or be barred." Wis. Stat. §893.43. When that six-year statute of limitations "has expired, the right is extinguished as well as the remedy." Wis. Stat. §893.43. "It is the rule of law in this state that the running of the statute extinguishes the right . . . and that the obligation is thereby extinguished as completely as if it had been paid or otherwise satisfied." First Nat. Bank of Madison v. Kolbeck, 247 Wis. 462, 464 (Wis. 1945). "When the right is extinguished a creditor may no longer claim the money is owed." Klewer v. Cavalry Inv., LLC, No. 01-C-521 (W.D. Wis. Jan. 30, 2002).

The plaintiff incurred a debt in 2007. Dkt. No. 1 at ¶11. Because the last payment occurred in October of 2007, id. at ¶12, the six-year statute of limitations ran out in October of 2013. On June 10, 2014, an agent for the defendant represented to the plaintiff that the defendant was continuing to attempt to collect the debt. Id. at ¶15. The agent knew that the previous owner of the debt, Providian, had "charged off" the debt in 2008, id. at ¶11, and the agent had knowledge of the Wisconsin six-year statute of limitations, id. at ¶16. Although the "test for determining whether a debt collector violated §1692e is objective . . . the existence of the debt collector's knowledge . . . sheds light on the . . . communication." Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 995 (7th Cir. 2003). For these reasons, the court finds that the plaintiff has established a *prima facie* case for finding that the defendant did not have the right to collect on the debt and that the agent "falsely

7

represent[ed] the . . . legal status of [the plaintiff's] debt." 15 U.S.C. §1692e(2)(A).

> B. The plaintiff has established a *prima facie* showing that a communication of credit information occurred when the defendant knew or should have known the information was false and that the defendant failed to report the debt as disputed.

Title 15 U.S.C. §1692e(8) prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." "If a debtor disputes the debt, 'a debt collector cannot communicate the debtor consumer's credit information to others without disclosing the dispute.'" Smith v. Encore Capital Group, Inc., 966 F. Supp. 2d 817, 826 (E.D. Wis. 2013) (quoting Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 285 (2d Cir. 2013)). "The section applies even when a false representation is unintentional." Id. (citing Turner, 330 F.3d at 995 (7th Cir. 2003)).

In June of 2014, the plaintiff contacted the defendant and disputed a debt that the defendant had reported to the credit reporting agencies. Dkt. No. 1 at ¶¶10-11. The plaintiff asked the defendant to remove the debt from his credit report. Id. at ¶15. The defendant responded, "as long as that account has been turned over to another agency, and that agency is reporting collection activities on it, then they can put it on [your credit report] as a collection item." Id. at ¶17. The plaintiff challenged the debt and asked, again, that the defendant remove the item from his credit report. Id. at ¶18. The defendant refused to do so. Id. With this communication, the plaintiff sufficiently

8

informed the defendant that he disputed the debt, and the defendant "then knew or should have known that the information was false." Smith, 966 F. Supp. 2 at 826. Accordingly, the court finds that the plaintiff has established a *prima facie* basis for finding that the defendant continued to "communicate[] the false information to the credit bureaus," in violation of 15 U.S.C. §1692e(8). Smith, 966 F. Supp. 2d at 826.

- C. The court finds that the plaintiff has established a sufficient showing that the defendant made a false representation in an attempt to collect a debt under 15 U.S.C. §1692e(10).

The FDCPA prohibits a debt collector from "us[ing] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1962e(10). During the June 2014 phone call, the plaintiff asked, "Are you still attempting to collect [the debt]?" Dkt. No. 1 at ¶15. The defendant responded, "Yes sir. We can still collect on this account, yes sir." Id. The plaintiff clarified, "So you want me to pay this?" Id. And the defendant answered, "Yeah." Id. At the time of the phone call, the defendant knew or should have known that the debt was extinguished and time-barred under Wisconsin law. Therefore, the plaintiff has established a *prima facie* case that these statements constituted a false representation. The nature of the conversation indicates that the defendant made the statements in an attempt to collect the debt. The allegations establish a *prima facie* case for false representation under 15 U.S.C. §1692e(10).

9

D. The plaintiff has established a *prima facie* case under Wis. Stat. §427.104(1)(c), because he has shown that the defendant knew or should have known that the debt was extinguished or time-barred, but continued to report the debt to the credit bureaus.

The WCA, Wis. Stat. §§421-427, "protect[s] consumers against unfair, deceptive, false, misleading and unconscionable practices by merchants . . . and coordinate[s] the regulation of consumer credit transactions with the policies of the federal consumer credit protection act." Wis. Stat. §§421.102(2)(b), (d). Under Wisconsin law, a debt collector may not "[d]isclose or threaten to disclose information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false." Wis. Stat. §427.104(1)(c). As discussed above, the defendant knew or should have known that the plaintiff's debt was extinguished and time-barred, yet the defendant reported the information to the credit reporting agencies and refused to stop submitting the information after the plaintiff disputed the debt. The plaintiff has established a *prima facie* case for continued reporting of extinguished debts under Wis. Stat. §427.104(1)(c).

E. The court finds that the complaint sets forth a *prima facie* case for disclosure of a disputed debt under Wis. Stat. §427(1)(f).

The WCA also prohibits a debt collector from "disclos[ing] or threaten[ing] to disclose information concerning the existence of a debt known to be reasonably disputed by the customer without disclosing the fact that the customer disputes the debt." Wis. Stat. §427.104(1)(f). When the plaintiff called

10

the defendant to discuss the debt in June of 2014, he informed the defendant that he disputed the debt and asked the defendant to stop reporting the debt to the credit reporting agencies. As discussed above, the defendant refused to do so. These facts establish a *prima facie* case for disclosure of a disputed debt under Wis. Stat. §427.104(1)(f).

F. The plaintiff has set forth *prima facie* evidence of enforcement of a debt that did not exist under Wis. Stat. §427.104(1)(j).

Under the WCA, a debt collector may not "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j). When the plaintiff disputed the debt that appeared on his credit report, he informed the defendant of the six-year statute of limitations in Wisconsin, and the defendant's representative stated that she knew about that law. However, as stated above, the defendant continued to attempt to collect on and enforce the debt. The court finds that the plaintiff has set forth the basis for a *prima facie* case under Wis. Stat. §427.104(j).

G. The plaintiff may recover $1,000 per proceeding under the FDCPA or under the WCA, but not under both.

The plaintiff asserts that the defendant violated three separate portions of the FDCPA, and the court finds that the facts support a *prima facie* finding that such violations occurred. The FDCPA allows a plaintiff to recover "any actual damages sustained by [the plaintiff] as a result of" a violation. 28 U.S.C. §1692k(a)(1). The court may award "additional damages," but those damages may "not exceed[] $1,000." 28 U.S.C. §1692k(a)(2)(A). This language "limits the statutory damages available to a successful plaintiff to $1,000 for each

11

proceeding rather than $1,000 for each violation of the statute." Barber v. Nat'l Revenue Corp., 932 F.Supp. 1153, 1155 (W.D. Wis. 1996). The plaintiff asks the court to award the maximum of $1,000 in damages under the FDCPA.

The plaintiff also asserts that the defendant violated the WCA, and the court again agrees that the plaintiff has proven the *prima facie* case.[1] Here, however, the plaintiff asks the court to buck precedent and award $1,000 per violation, not $1,000 per proceeding. Under the WCA, a plaintiff "may recover actual damages." Wis. Stat. §427.105(1). Similar to the FDCPA, Wisconsin law limits liability to "not . . . less than $100 nor greater than $1,000." Wis. Stat. §425.304. The Wisconsin Supreme Court has held, "The rules of the Wisconsin Consumer Act are to be construed to coordinate with the regulation of consumer transactions under the Federal Consumer Protection Act." Assoc. Fin. Serv. Co. of Wis. v. Hornik, 336 N.W.2d 395, 400 (Wis. 1983) (citing Wis. Stat. §421.102(2)(d)). That court determined that the WCA "allows a consumer to collect one penalty assessment up to a maximum of $1,000 in addition to any actual damages in any action where the consumer establishes a violation" of the WCA. Hornik, 336 N.W.2d at 400. The Hornik court also explicitly prohibited a plaintiff from "recover[ing] under both the FDCPA and the WCA for the same conduct." Bruesewitz v. Law Offices of Gerald E. Moore & Assoc.,

---

[1] In the motion for default judgment, the plaintiff states, "The aforementioned violations constitute five separate violations of the WCA." Dkt. No. 6-1 at 5. The court disagrees. On pages four and five of the motion, the plaintiff asserts that the defendant violated Wis. Stat. §427.104(1)(c), §427.104(1)(f), and §427.104(1)(j). The court finds that "the aforementioned" actually constitute three separate violations of the WCA.

12

P.C., No. 06-C-400, 2006 WL 3337361, at *3 (W.D. Wis. Nov. 15, 2006) (citing Hornik, 336 N.W.2d at 400)).

Although not often litigated, several courts in Wisconsin have held that a plaintiff may recover $1,000 per proceeding, not per violation, under the WCA and that a plaintiff may not recover under both the FDCPA and the WCA. See Nelson v. Santander Consumer USA, Inc., 931 F. Supp. 2d 919, 935 (W.D. Wis. 2013), vacated by stipulation No. 11-CV-307, 2013 WL 5377280 (W.D. Wis. June 7, 2013); Bruesewitz, 2006 WL 3337361 at *3; Hartman v. Meridian Fin. Serv., Inc., 191 F. Supp. 2d 1031, 1050 (W.D. Wis. 2002); Ganske v. Checkrite, Ltd., No. 96-C-541, 1997 WL 33810208, at *4 (W.D. Wis. Jan. 6, 1997). The court finds that the plaintiff may recover $1,000 per proceeding under either the FDCPA or the WCA, but not both.

The pleadings, however, do not satisfy the court in terms of damages. In determining damages in the context of a motion for default judgment, courts consider "the amount of money potentially involved, whether there is a material issue of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether the plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have." Vincent v. Madison, No. 11-C-205, 2014 WL 1672041, at *2 (E.D. Wis. Apr. 28, 2014) (citation omitted). This court cannot award damages until it has "ascertain[ed] the amount of damages to a reasonable degree of certainty." Id. (citing In re Catt, 368 F.3d 789, 793 (7th Cir. 2004)). At this time, the plaintiff has not stated the amount of the disputed debt. The plaintiff has not

included any reasons for requesting $1,000, although presumably he does so because that is the maximum amount allowed under the law. Because the court cannot confidently assess the amount that it should award at this time, it will require the plaintiff to file a document demonstrating the amount of damages he requests, and present evidence for why he should receive that amount in damages.

 H. <u>The court will award attorney's fees, costs, and interest, but will require the plaintiff to file evidence demonstrating the actual amount of damages that the court should award.</u>

The plaintiff's attorney "seeks to recover for 22.9 hours of work at a . . . rate of $350/hr." Dkt. No. 6-1 at 9. When the plaintiff brings a "successful action to enforce . . . liability," the plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). The FDCPA's "language makes an award of fees mandatory." <u>Tolentino v. Friedman</u>, 46 F.3d 645, 651 (7th Cir. 1995). The WCA provides more instruction than the FDCPA. Wis. Stat. §425.308. It requires[2] a prevailing customer to recover attorney fees "in an amount sufficient to compensate attorneys representing customers in actions arising from consumer transactions." Wis. Stat. §425.308(2). The law includes factors that a "court may consider" when determining the amount of attorney's fees:

 (a) The time and labor required, the novelty and difficult of the questions involved and the skill requisite properly to conduct the cause;

---

[2] "If the customer prevails in an action arising from a consumer transaction, the customer *shall* recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred . . . together with a reasonable amount of attorney fees." Wis. Stat. §425.308(1) (emphasis added).

14

(b) The customary charges of the bar for similar services;

(c) The amount involved in the controversy and the benefits resulting to the client or clients from the services;

(d) The contingency or the certainty of the compensation;

(e) The character of the employment, whether casual or for an established and constant client; and

(f) The amount of the costs and expenses reasonably advanced by the attorney in the prosecution or defense of the action.

Wis. Stat. §425.308(2)(a)-(f). The Seventh Circuit encourages courts to consider similar factors. See Tolentino, 46 F.3d at 652 (citation omitted).

The Seventh Circuit "define[s] a reasonable hourly rate as one that is 'derived from the market rate for the services rendered.'" Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 640 (7th Cir. 2011) (quoting Denius v. Dunlap, 330 F.3d 919, 930 (7th Cir. 2003)). The circuit "presume[s] that an attorney's actual billing rate for similar litigation is appropriate to use as the market. The fee applicant bears the burden of producing satisfactory evidence—in addition to the attorney's own affidavits that the requested rates are in line with those prevailing in the community." Id. (internal quotation marks and citations omitted).

The plaintiff's attorney has three years of experience and practices in New Jersey. To support his fee request, he included several documents. First, he attached the 2013-2014 "United States Consumer Law Attorney Fee Survey Report." Dkt. No. 6-2. This document "breaks down the average, median, and percentiles for the hourly rate charged by consumer law practitioners nation- and region-wide." Dkt. No. 6-1 at 9. The median hourly rate for the Atlantic

region is $325, for New Jersey is $350, for the Midwest region is $375, and for Wisconsin is $387. Id. See also Dkt. No. 6-2 at 22, 26, 71, and 82. Counsel also provided the 2014-2015 Laffey Matrix, Dkt. No. 6-3, which indicates that attorneys with one to three years of experience have an average hourly rate of $255. Id. at 2.

Counsel argues that his request to recover $350 an hour is reasonable because it "is . . . the median [rate] in New Jersey and [is] significantly below the median in Wisconsin." Dkt. No. 6-1 at 10. He asserts that his graduation from Harvard Law School and his work as a judicial law clerk and as an associate at two large law firms also supports this hourly rate. Id. Counsel is now a solo practitioner, and focuses on consumer protection law. Id. He asserts that the 22.9 hours of work completed on this case is reasonable, because, as a solo practitioner, he "does all drafting, editing, word processing, mailing, and filing himself." Id. at 10-11. Based on the evidence provided, the court finds the $350 hourly rate and 22.9 hours of work completed to be reasonable and will award attorney's fees in that amount.

The plaintiff's attorney also makes a request for post-judgment collection costs and fees. The Seventh Circuit has not ruled on whether the FDCPA allows this. One court in this circuit has addressed the issue, finding, in a footnote, that "fees necessarily expended to collect a judgment are also recoverable." Queen v. Nationwide Credit, Inc., No. 10-CV-1445, 2010 WL 4006676, at n.1 (N.D. Ill. Oct. 7, 2010) (citation omitted). The Seventh Circuit, when addressing pre-judgment collection under ERISA, stated, "It would make no more sense to

16

deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment." Free v. Briody, 793 F.2d 807, 809 (7th Cir. 1986). Based on this language, the court will award post-judgment collection costs. The court will, however, require the plaintiff to file an accounting of the costs and to seek an amended judgment once counsel incurs those costs.

Finally, the plaintiff seeks pre- and post-judgment interest. The plaintiff states, "The issuance of prejudment interest is controlled by federal law." Dkt. No. 6-1 at 12 (citation omitted). The court disagrees. "When Wisconsin courts award interest, they look to Wis. Stat. §183.04." Trease v. Tri-State Adjustments, Inc., 934 F. Supp. 2d 1016, 1018 (E.D. Wis. 2013). In Wisconsin, a court may award pre-judgment interest to the plaintiff "when the amount owed to it is readily determinable or when there is a reasonably certain standard of measurement by which one can ascertain the amount he owes." First Nat'l Bank of Manitowoc v. Cincinnati Ins. Co., 485 F.3d 971, 981 (7th Cir. 2007) (citing Olguin v. Allstate Ins. Co., 71 Wis. 2d 160 (Wis. 1976)). "The equitable policy supporting such recovery is that a plaintiff should be compensated for the time value of the money he would have had if the payment had been made when due." Chicago Title Ins. Co. v. Runkel Abstract & Title Co., 653 F. Supp. 2d 926, 928 (W.D. Wis. 2009). "Under §138.04, the rate for preverdict interest is 5% per year." Trease, 934 F. Supp. 2d at 1018.

The plaintiff has set forth a *prima facie* case under both the FDCPA and the WCA. Therefore, there is a basis for the court to enter a money judgment for damages, fees, and costs. The plaintiff, however, has not shown a

17

reasonably determinable amount owed. The court will require the plaintiff to file a submission containing evidence of the amount owed. If the plaintiff adequately proves up a reasonably determinable amount owed, the court will enter a judgment with pre-judgment interest at that time.

Title 28 U.S.C. §1961(a) allows a prevailing party to recover interest "on any money judgment in a civil case recovered in a district court." That "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Id. The plaintiff has shown that the defendant violated the FDCPA and WCA, which provides a basis in the law for the recovery of a money judgment. Therefore, the court's judgment will include an award of post-judgment interest pursuant to this statute.

## VI. CONCLUSION

The plaintiff has made a *prima facie* case that the defendant misrepresented the legal status of the plaintiff's debt, communicated false information to credit agencies, and made false representations in an attempt to collect a debt. The defendant also continued to report a debt it knew or should have known was extinguished, disclosed a disputed debt to credit agencies, and enforced a debt it knew or should have known did not exist. The court will grant the plaintiff's motion for default judgment.

Under the FDCPA and the WCA the plaintiff may recover up to $1,000 per proceeding, but the plaintiff may not recover under both acts. Because the

plaintiff has not provided a sufficient accounting of damages, the court will require the plaintiff to submit evidence of damages calculations, and evidentiary support. Once the court determines the reasonably determinable amount of damages, it will enter judgment. The judgment will include attorney's fees and pre- and post-judgment interest. When the plaintiff collects the judgment, he must then file an accounting of the collection costs. If reasonable, the court will enter a judgment for post-judgment collection costs at that time.

The court **DISMISSES WITHOUT PREJUDICE** John Does 1-25.

The court **GRANTS** the plaintiff's motion for default judgment. (Dkt. No. 6.)

The court **ORDERS** that, no later than **Friday, January 22, 2016**, the plaintiff provide an accounting of damages, including attorney's fees and pre- and post-judgment interest, as well as a proposed order of judgment.

Dated in Milwaukee, Wisconsin this 2nd day of December, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge